JERRY DEAN THOMPSON *v.* MARGIE COLEEN THOMPSON

5-6052                                            485 S.W. 2d 725

Opinion delivered October 23, 1972

*Darrell Hickman,* for appellant.

*Branscum, Schmidt & Mazzanti,* for appellee.

J. FRED JONES, Justice. This is an appeal by Jerry Dean Thompson from a final order of the Lonoke County Chancery Court denying his petition for rehearing on a motion to set aside a previous decree awarding child support and entry of judgment against him for $1,800 in back child support.

For convenience we shall refer to the parties as "Jerry" and "Margie." The facts as we gather them from the record appear as follows: Jerry and Margie were married in New Mexico in 1953 and were living in Lubbock County, Texas, when they separated in 1955. Jerry returned to Arkansas following the separation and Margie remained in Lubbock County, Texas, where she filed suit for divorce and for the custody of their minor child. On August 10, 1955, a divorce decree was granted to Margie in Lubbock County, Texas, and a copy of it was sent to, or obtained by, Jerry. Soon after the decree was entered in Texas Jerry and Margie resumed their marital relations without the benefit of additional matrimony, and they continued to live together as husband and wife in several states, during which time two other children were born to them. They were living in a two-bedroom trailer in Lonoke County, Arkansas, when the present action was commenced.

Jerry commenced the present action by a complaint filed on August 8, 1969, in which he alleged the marriage and divorce as above set out, and in which he alleged that Margie had forced herself upon him following the divorce in Texas and had continued to hold herself out as his wife. He prayed for a court order requiring Margie to vacate the house trailer occupied by them in Lonoke County and restraining Margie from threatening, abusing or coming in physical contact with him, and from using his credit cards. Margie filed an answer admitting the marriage but denying that she ever obtained a divorce in 1955. She alleged that three children were born as a result of her marriage to Jerry and she prayed for a dismissal of his complaint. After amendments to the pleadings were filed by both parties, the matter was heard by the chancellor on December 4, 1970.

The chancellor found that Jerry and Margie were married on December 22, 1953, and divorced in Lubbock County, Texas, on August 10, 1955, and that they had not remarried. The chancellor further found that Jerry and Margie were the parents of Monica Lynn Thompson age 16; Rodney Thompson age 14; and Bradley Thomp-

son age 12. The chancellor entered an order restraining each of the parties from annoying, molesting or interfering with the other, and the custody of the children was awarded to Margie. Jerry was ordered to pay the sum of $50 per child per month for the support of the children and he was awarded the right of reasonable visitation. Neither party appealed from this order.

On August 24, 1971, Margie filed a petition in the Lonoke County Chancery Court for a show cause order against Jerry for failure to pay the child support previously ordered, and the chancellor entered an order directing Jerry to appear on Friday, September 3, 1971, at 9:30 a.m. and show cause why he should not be cited for contempt of previous orders. On September 20, 1971, Jerry filed a petition stating that he did not receive a copy of the December 4 court order; that he had directed his attorney to perfect an appeal from that order, or have it set aside or obtain a rehearing in the matter. He alleged that he was in the Lonoke County Chancery Court on September 3, as directed in the show cause order, and the respondent was not present in court. He prayed that a rehearing be held regarding support and custody of his minor children; that the original court order pertaining to child support and custody be set aside and that he be awarded custody of the children. Margie countered with a petition filed on November 4, 1971, alleging arrearage in child support and she again prayed for a contempt citation. The matter was set for hearing on Friday, December 3, 1971, and the hearing on that date resulted in the order from which comes this appeal. The chancellor's order recites as follows:

"[T]he Plaintiff's Petition for a rehearing of the Order entered December 4, 1970 is hereby denied.

The court doth further find that the Plaintiff, Jerry Dean Thompson, is in arrears on his child support payments in the amount of $1,800.00 and that this amount is hereby reduced to Judgment for which garnishment or execution may issue at law.

The Court doth further find that the Plaintiff, Jerry Dean Thompson, shall pay Defendant's attorney fees in the amount of $100.00 and costs and that this amount shall be reduced to Judgment for which garnishment or execution may issue at law."

On appeal to this court Jerry has designated the points on which he relies for reversal as follows:

"The lower court erred in finding that the parties were divorced.

The court abused its discretion on December 3, 1971, in finding the appellant in arrears in the sum of $1,800.00 and refusing to grant a rehearing upon the entire matter."

The first point is without merit. A certified copy of the Texas divorce decree as well as the petition therefor, and various orders in connection therewith, were filed as exhibits to the pleadings in this case, and there is no question that a divorce was granted by the Texas court.

A certified copy of an executed marriage license between Kenneth Don Shinn and Mrs. Margie Coleen Thompson was filed as an exhibit to the pleadings. This exhibit indicated that Margie and Kenneth Don Shinn were married in New Deal, Texas, on March 19, 1970. Margie admitted this marriage. She testified that she did not know that the Texas divorce was ever granted or had become final until the Texas divorce was alleged in the pleadings filed by Jerry in Arkansas. She said that after the divorce decree was called to her attention in said pleadings, she checked the records in Lubbock County, Texas, where she had filed her divorce complaint and she found that the divorce had in fact been granted. Margie explained that the attorney who represented her in the Texas divorce proceeding advised her that the decree would not be entered and become final until she had paid his attorney fee, and that she never did pay all of his fee. She said that after she was convinced that the divorce had been granted she married Mr. Shinn. She

testified that all three of her children were born as a result of her marriage to Jerry Thompson and while she was living with him as his wife.

During the course of this litigation in the Lonoke County Chancery Court, Jerry also became married to the "housekeeper" of his two-bedroom trailer. Neither party is in a favorable position to question the validity of the Texas divorce for they both have remarried on the strength of it. See 27B C.J.S., § 365, p. 855.

We find no abuse of discretion in entering the order of December 3, 1971, and in refusing to grant a rehearing in connection therewith. Jerry admitted that he was the father of all three children and seemed to have had no doubt as to their paternity until he was cited into court for not supporting them. We have not overlooked Jerry's argument of a common-law marriage between himself and Margie following the divorce in Texas. This contention is inconsistent with his allegations that Margie forced herself upon him following the divorce in Texas and is slightly inconsistent with both their subsequent marriages, and Margie's contention that she did not even know the divorce had been granted during the time they subsequently lived together. Mutual intent is an integral part of any marriage contract including one at common law. See 55 C.J.S. § 19, p. 842.

The order of the chancellor is hereby affirmed.